# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD WINKLER, individually, and<br>CLAUDIA WINKLER, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE HARTFORD FINANCIAL SERVICES<br>GROUP, INC., a corporation; DOES I through<br>X, inclusive; and ROE CORPORATIONS I<br>through X, inclusive,<br><br>    Defendants. | Case No.: 2:10-cv-02222-RLH-LRL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#4, Motion for<br>More Definite Statement–#5) |

Before the Court is Defendant The Hartford Financial Services Group, Inc.'s **Motion to Dismiss** (#4, filed Dec. 21, 2010). The Court has also considered Plaintiffs Donald and Claudia Winklers' Opposition (#8, filed Jan. 10, 2011), and Defendant's Reply (#11, filed Jan. 19, 2011).

Also before the Court is Defendant's Motion for More Definite Statement (#5, filed De. 21, 2010). The Court has also considered Plaintiffs' Opposition (#8, filed Jan. 10, 2011), and Defendant's Reply (#11, filed Jan. 19, 2011).

/

1

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises from Property & Casualty Insurance Company of Hartford's ("The Hartford") denial of Donald Winkler's insurance claim. The following facts are as alleged by Plaintiffs unless otherwise noted. In February 2009, Donald Winkler was rear ended while driving on the I-15 freeway by an under insured motorist, one Curtis Pastian. Mr. Winkler suffered injuries and incurred more than $231,000,00 in medical expenses and will likely require future treatment as well. The Winklers had previously purchased an insurance policy from The Hartford, which included under insured motorist ("UIM") coverage. After Pastian's insurer paid out the $50,000.00 policy limit to the Winklers, the Winklers made a UIM claim to The Hartford. The Hartford has not offered to settle the claim, nor has it paid out any benefits on the claim.

On October 8, 2010, the Winklers filed suit in the Eighth Judicial District Court of the State of Nevada alleging (1) breach of contract, (2) violation of Nevada's Unfair Claims Practices Act, (3) breach of the covenant of good faith and fair dealing, and (4) an unnamed claim appearing to be loss of consortium. Though the Winklers have not served Defendant, Defendant removed the case to this Court based on diversity jurisdiction. Now before the Court are a motion to dismiss and a motion for a more definite statement. The motion to dismiss seeks dismissal of all claims except for the breach of contract claim. For the reasons discussed below, the Court grants the motion to dismiss in part and denies it in part and grants the motion for a more definite statement.

**DISCUSSION**

**I.     Motion to Dismiss**

    **A.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require

1  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

2  recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

3  (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise

4  above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a

5  complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its

6  face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

7  In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts

8  are to apply when considering motions to dismiss. First, a district court must accept as true all

9  well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

10  assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported

11  only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider

12  whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A

13  claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw

14  a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where

15  the complaint does not permit the court to infer more than the mere possibility of misconduct, the

16  complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal

17  quotation marks omitted). When the claims in a complaint have not crossed the line from

18  conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

19  Also, "documents 'whose contents are alleged in a complaint and whose

20  authenticity no party questions, but which are not physically attached'" to the pleading, may be

21  considered in ruling on a Rule 12(b)(6) motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*,

22  183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v.*

23  *Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)). Therefore, the Court may consider the Winklers'

24  insurance policy attached to Defendant's motion (#4, Ex. A, Insurance Policy) as the complaint

25  alleges the policy and no party questions its authenticity.

26  /

AO 72
(Rev. 8/82)

### B. Timing

The Winklers first contend that both of these motions are premature as they have yet to serve the Defendant with the complaint and, more specifically to the motion to dismiss, have not yet conducted the discovery necessary "to enable them to articulate the facts necessary to establish their claims for relief." (Dkt. #8, Opp. 3:10.) Both of these arguments are without merit. By appearing, Defendants have waived service of process. Also, plaintiffs are required to plead facts establishing a plausible claim, not mere recitations of the elements of a cause of action, before they conduct discovery. Therefore, these motions are timely.

### C. Correct Parties

Defendant The Hartford Financial Services Group, Inc. argues that it is incorrectly named as the Defendant in this case and that the policy issuer was actually Property & Casualty Insurance Company of Hartford, also known as The Hartford. A perfunctory review of the insurance policy demonstrates that this is clearly the case, (Dkt. #4, Mot. Ex. A, Insurance Policy), and the Winklers do not dispute that they named the wrong party. This matter has been resolved by a stipulation to substitute the correct party and the issue is moot.

### D. Violation of Nevada's Unfair Claims Practices Act

The Winklers do not allege any facts supporting a claim under Nevada's Unfair Claims Practices Act and do not even specify which portion of the act they allege Defendant violated. The Winklers merely allege that Defendant violated it with actual and/or implied knowledge. This is insufficient as a matter of law as it pleads no facts whatsoever. Plaintiffs claim that they require discovery to adequately plead this claim is unavailing. Filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct at 1950. Therefore, the Court dismisses this claim.

### E. Breach of the Covenant of Good Faith and Fair Dealing (Bad Faith)

The Winklers state a claim for breach of the covenant of good faith and fair dealing. "An insurer acts in bad faith and breaches the covenant of good faith and fair dealing that

4

exists in every contract when it refuses, without proper cause, to compensate [an] insured for a loss covered by the policy." *Gary G. Day Constr. Co. v. Clarendon Am. Ins.* Co., 459 F. Supp. 2d 1039, 1052 (D. Nev. 2006) citing *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (1993). Further, the insurance company must deny benefits "unreasonably and with knowledge that there is no reasonable basis for its conduct." *Guar. Nat'l Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). The Court finds that the Winklers claim is plausible and, therefore, shall not dismiss the claim.

### F. Loss of Consortium

The Court finds that the Winklers have not stated a claim for loss of consortium. The Winklers merely repeat the elements for a claim for loss of consortium rather than pleading facts. This is insufficient under *Iqbal* and *Twombly*. Further, it is unclear how the denial, wrongful or not, of insurance benefits would cause loss of consortium. It seems that the car accident would have caused the loss of consortium for which the insurance policy may require The Hartford to compensate Mrs. Winkler, not that The Hartfords denial of benefits physically harmed Mr. Winkler causing the loss of consortium. For these reasons, the Court dismisses this claim.

### G. Punitive Damages

Defendant argues that the Winklers cannot obtain punitive damages and therefore the Court should dismiss the claim for punitive damages. However, the Winklers have not asserted a claim for punitive damages, they merely seek punitive damages in their prayer for relief. As such, it is premature to make a determination on the punitive damages issue.

### H. Leave to Amend

In their response to the motions, the Winklers requested that the Court grant them leave to amend their complaint. However, they did not attach a proposed amended complaint as required by Local Rule 15-1. Thus the Court denies the request. Of course, the Court would

/

AO 72
(Rev. 8/82)

consider a timely motion seeking leave to amend with an accompanying proposed amended complaint correcting the errors laid out above.

**II.     Motion for More Definite Statement**

    **A.     Legal Standard**

A motion for a more definite statement should not be granted unless the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). This liberal standard is consistent with Rule 8(a) which allows pleadings that contain a "short and plain statement of the claim." Motions made under Rule 12(e) are disfavored and rarely granted because of the minimal pleading requirements of the Federal Rules. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) (*citing In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (E.D. Pa. 1986)).

    **B.     Analysis**

Though motions for a more definite statement are disfavored because of the minimal pleading standards of Rule 8, they are sometimes necessary. Here, the Winklers refer to American Family insurance polices and an otherwise unidentified Ms. Polito who apparently had a $15,000.00 insurance. These references don't make sense in the context of the Winklers complaint. It seems likely that Ms. Polito was somehow involved in the accident, but this is mere speculation as the complaint only states that she had an insurance policy without explaining who she is or how she relates to the Winklers claims. The Complaint also refers to both Donald and Claudia Winkler as a singular plaintiff. The Complaint then states that "Plaintiff" was involved in a collision making it unclear whether one or both of them were in the car accident even though other filings make it appear that only Mr. Winkler was in the car at the time of the accident. Also, it seems likely that the Winklers' counsel merely typed in American Family when meaning to refer to The Hartford, but this too is unclear. Therefore, the Court orders the Winklers to clarify these issues if they decide to seek leave to amend.

/

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion for a More Definite (#5) Statement is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#4) is DENIED in part and GRANTED in part, without prejudice, as follows:

- The claims for violation of Nevada's Unfair Claims Practices Act and the claim for loss of consortium are dismissed.
- The claims for breach of contract and breach of the covenant of good faith and fair dealing remain.
- Defendant The Hartford Financial Services Group, Inc. is dismissed by stipulation of the parties.

As no Defendants remain, the Clerk of the Court is directed to close this case.

Dated: May 3, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**